Peradotto and Carni, JJ.
(dissenting). We respectfully dissent. Plaintiff’s cause of action for negligent entrustment is premised upon the theory that, in renting the vehicle to defendant Charlesetta Jones, defendant Buffalo Auto Rental, Inc. (BAR) knew the vehicle would be used by defendant Jasmine H. Kirksey and that BAR also knew, or in the exercise of ordinary care should have known, that Kirksey was incompetent to operate it (see Bennett v Geblein, 71 AD2d 96, 98 [1979]). It is well settled that, without a showing that the owner of the vehicle was or should have been aware of incompetence on the part of the operator, there can be no negligent entrustment (see Guay v Winner, 189 AD2d 1081, 1083 [1993]). Here, plaintiff’s theory that Kirksey was not competent to operate a motor vehicle is based entirely upon the undisputed fact that Kirksey did not possess a driver’s license at the time of the accident.
However, it is well settled that “the absence or possession of a driver’s license relates only to the authority for operating a vehicle, and not to its manner of operation” (Almonte v Marsha Operating Corp., 265 AD2d 357, 357 [1999]; see Huff v Rodriguez, 88 AD3d 1274, 1275 [2011], appeal dismissed 18 NY3d 869 [2012], lv denied 18 NY3d 919 [2012]; Firmes v Chase *1373 Manhattan Auto. Fin. Corp., 50 AD3d 18, 27 [2008], lv denied 11 NY3d 705 [2008]). Because a driver’s license relates only to the authority to operate a motor vehicle and not the manner of operation, the absence of a license is not presumptive evidence of negligence (see Phass v MacClenathen, 274 App Div 535, 538 [1948]). Indeed, we have held that evidence that a driver did not possess a valid driver’s license at the time of the subject motor vehicle accident is inadmissible on the issue of negligence (see Huff, 88 AD3d at 1275).
Here, we conclude that in moving for summary judgment, BAR met its initial burden of proof by submitting evidence that when it rented the vehicle to Jones it had no knowledge that Kirksey would be operating the vehicle or that Kirksey was incompetent to operate a motor vehicle (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, plaintiff had the burden of raising a material issue of fact as to both BAR’s knowledge of Kirksey’s use and of Kirksey’s alleged incompetence to operate the vehicle (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
There is no dispute that Kirksey was beyond infancy in that she was 21 years of age at the time of the accident (see CPLR 105 |j]). Plaintiff does not allege that Kirksey was, for example, intoxicated (see Bennett, 71 AD2d at 98-99), mentally incapacitated (see Splawnik v Di Caprio, 146 AD2d 333, 335-336 [1989]), physically impaired (see generally Golembe v Blumberg, 262 App Div 759, 759 [1941]; Schneider v Van Wyckhouse, 54 NYS2d 446, 447 [1945]), or otherwise incompetent to operate a motor vehicle at the time of the rental or the accident (see Restatement [Second] of Torts § 390, Chattel for Use by Person Known to be Incompetent).
Nolechek v Gesuale (46 NY2d 332 [1978]), cited by the majority, involves an infant with impaired vision entrusted with a motorcycle by his father, and “key to [that] case [was] the duty owed by parents to third parties to control their children’s use of dangerous instruments to avoid harm to third parties” (id. at 339). Such duty is not at issue here. We note that the Court of Appeals, in discussing Nolechek in Rios v Smith (95 NY2d 647 [2001]), a case involving a parent’s entrustment of an all-terrain vehicle (ATV) to an infant, addressed the negligent entrustment theory in that case only with reference to the fact “that [in Nolechek] the father had negligently entrusted the motorcycle to his child, who was blind in one eye and had impaired vision in the other eye,” and, notably, the Court of Appeals made no reference to whether the infant possessed a driver’s license (Rios, 95 NY2d at 652).
*1374 Cone v Williams ([appeal No. 1] 182 AD2d 1102, 1102 [1992], lv denied 80 NY2d 758 [1992]), also cited by the majority, likewise involved a parent’s entrustment of an ATV to a 14-year-old child (see Cone v Nationwide Mut. Fire Ins. Co., 75 NY2d 747, 748 [1989]), who, at 14 years of age, could not have under any circumstances held a driver’s license at the time of the accident. We have no quarrel with the conclusion that an infant, forbidden by statute to operate a motor vehicle because of his or her age, is presumptively an incompetent operator (see e.g. Keller v Wellensiek, 186 Neb 201, 206-207, 181 NW2d 854, 858 [1970]). But that is not the situation here.
Even assuming, arguendo, that BAR knew of Kirksey’s lack of a driver’s license, we note that the majority fails to account for our jurisprudence establishing that the lack of a driver’s license is not admissible on the issue of the operator’s negligence (see Huff, 88 AD3d at 1275). Moreover, on the undisputed facts in this record, any entrustment of the vehicle to Kirksey by BAR was not and could not have been a proximate cause of the accident (see Hanley v Albano, 20 AD2d 644, 645 [1964]).
Lastly, with respect to the majority’s conclusion that BAR’s motion should be denied on the possibility that plaintiff may be entitled to a permissive adverse inference instruction (see PJI 1:77) at trial with respect to whether BAR knew that Kirksey would be driving the vehicle without a driver’s license, we conclude that such a prospect is untenably remote to defeat summary judgment (see generally Zuckerman, 49 NY2d at 562), and that, in any event, such an inference would not overcome the rule that the lack of a driver’s license is inadmissible on the issue of negligence in the operation of a motor vehicle (see Huff, 88 AD3d at 1275). Likewise, the possibility that inconsistent testimony by Jones, BAR and/or Kirksey on the issue whether BAR knew at the time of the rental that Kirksey would be driving and was unlicensed might yield a falsus in uno instruction at trial is, in our view, insufficient to raise a material issue of fact on the issues whether Kirksey was incompetent to operate the vehicle (see id.), and whether such incompetence was a proximate cause of the accident (see Hanley, 20 AD2d at 645).
We would therefore reverse the order insofar as appealed from and grant BAR’s motion for summary judgment dismissing the complaint against it in its entirety.
Present — Whalen, P.J., Smith, Centra, Peradotto and Garni, JJ.